UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

LEROY MAURICE DEVEAUX, a/k/a
Leroy Dover,
            *Defendant-Appellant.*

No. 01-4968

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Cameron McGowan Currie, District Judge.
(CR-01-96)

Submitted: August 22, 2002

Decided: September 4, 2002

Before MICHAEL and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

William N. Nettles, Columbia, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, William K. Witherspoon, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Leroy Maurice Deveaux was convicted of possession with intent to distribute less than 500 grams of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. § 841 (2000). He appeals the district court's two level enhancement of his base offense level for obstruction of justice under *U.S. Sentencing Guidelines Manual* § 3C1.1 (2000). The district court made its findings based on a suppression hearing in which Deveaux testified that law enforcement officers' search of his person was nonconsensual and conducted without *Miranda* warnings. The court found that this testimony was perjured and accordingly departed upward two levels in imposing the enhancement.

Whether Deveaux's testimony obstructed justice is a factual determination that we review for clear error. *See United States v. Self*, 132 F.3d 1039, 1041 (4th Cir. 1997). If a defendant objects to the enhancement for committing perjury, the district court must make independent findings necessary to establish that the testimony was perjured. *See United States v. Stotts*, 113 F.3d 493, 497 (4th Cir. 1997). It is preferable for the court to address, in a separate finding, each individual element of perjury: (1) false testimony; (2) concerning a material matter; and (3) made with the intent to obstruct justice, rather than as a result of confusion or mistake. *See United States v. Dunnigan*, 507 U.S. 87, 94 (1993). However, if the court's singular finding encompasses all of these necessary factual predicates, it is sufficiently justified. *See id.* at 95. *See also United States v. Stotts*, 113 F.3d 493, 498 (4th Cir. 1997) (requiring the district court to address each element of the alleged perjury in a separate finding or make a global finding that encompasses each factual predicate for a perjury finding). We find the court made proper findings that addressed each factual predicate for its finding that Deveaux committed perjury. Hence, it was not clearly erroneous for the court to enhance Deveaux's offense level for obstruction of justice.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*